UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 3:22-CR-00114** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **JAISHADION SULLIVAN** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**MEMORANDUM ORDER**

Pending before the Court is a Motion to Reduce Sentence Pursuant to USSG Amendment 821 [Doc. No. 44] filed by Jaishadion Sullivan ("Sullivan"). A Retroactivity Report [Doc. No. 46] was filed by the United States Probation Office on November 7, 2023. An Opposition [Doc. No. 50] was filed by the United States of America (the "Government") on January 2, 2024. A Sentencing Memorandum [Doc. No. 47] was filed by Sullivan on December 22, 2023.

For the reasons set forth herein, Sullivan's Motion is **DENIED**.

**I.    BACKGROUND**

On May 25, 2022, Sullivan was indicted for Possession of a Firearm By A Convicted Felon pursuant to 18 U.S.C. § 922(g)(1).[1] On November 3, 2022, Sullivan pled guilty to Possession of Firearm by a Convicted Felon.[2] On April 5, 2023, Sullivan was sentenced to a term of imprisonment of 33 months.[3] The guideline range for Sullivan's sentence was 30-37 months.

On March 6, 2022, the Monroe Police Department was conducting surveillance at the Hop In Convenience Store in Monroe when they observed Sullivan walk behind a dumpster and place

---

[1] [Doc. No. 1]
[2] [Doc. No. 29]
[3] [Doc. Nos. 38, 39]

1

several items behind it. Upon investigation, the items were a black Ruger .38 revolver and a bag of marijuana.[4]

On November 2, 2023, the instant Motion was filed.[5] According to the Retroactivity Report,[6] the guideline range for Sullivan's sentence was reduced from 30-37 months to 24-30 months.

## II. LAW AND ANALYSIS

In Part A of Amendment 821 to the United States Sentencing Commission Guidelines, the Sentencing Commission addressed the "status points" provision regarding criminal history. The amended provision results in a defendant that has seven criminal history points or more receiving one additional status point instead of two. The amended provision also results in a defendant that has six criminal history points or fewer receiving no status points.

In Sullivan's case, Sullivan now receives six status points (instead of eight). Sullivan's criminal history category is reduced to III (instead of IV), which reduces the guideline range to 24-30 months.

This amendment was made retroactive, but a court may not order the release of a defendant to occur prior to February 1, 2024.[7] In *Dillon v. United States*, 560 U.S. 817 (2010), the Supreme Court of the United States addressed the process for the application of a retroactive guideline amendment. The Supreme Court adopted the following two-step analysis:

> (1) determine the defendant's eligibility for sentence modification and determine what amended guideline range would have been applicable to the defendant;
>
> (2) consider any applicable 18 U.S.C. § 3553(a) factors and determine whether the reduction is warranted in whole or in part

---

[4] [Doc. No. 46, p. 7, ¶¶ 9-13]
[5] [Doc. No. 44]
[6] [Doc. No. 46]
[7] USSG § 1B1.10(c)(2) (Nov. 1, 2023)

2

under the particular circumstances of the case.

*Id.* A court generally may not reduce a defendant's sentence to less than the minimum of the substantiated guideline range.

Applying the first step of the *Dillon* two-step analysis, Sullivan is eligible for the reduction. Sullivan's guideline range is reduced from 30-47 months to 24-30 months. In evaluating the 18 U.S.C. § 3553(a) factors, Sullivan, who is only 24 years old, has already been convicted of simple burglary (2017), simple criminal damage to property (2018), (which was reduced from an original charge of simple burglary) and negligent homicide (2013).[8] The negligent homicide conviction was reduced from second-degree murder. The facts of Sullivan's negligent homicide conviction are that he began shooting at Lawrence Jones, but he hit, and subsequently killed, Demiesha Hines. Sullivan was sentenced on this charge to five years on July 15, 2020, but he was placed on parole less than a year later on May 5, 2021. Sullivan was arrested for possession of a firearm by a convicted felon (along with other state charges) on March 6, 2022, approximately ten (10) months after he was paroled from the negligent homicide charge.[9]

Overall, in applying 18 U.S.C. § 3553(a) factors, including the nature and circumstances of the offenses, the history and characteristics of Sullivan, the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to provide adequate deterrence and to protect the public from further crimes of Defendant, this Court finds Sullivan is not entitled to further reduction. Sullivan has a significant criminal history, especially for his age. Sullivan's original sentence of 33 months is appropriate.

### III. CONCLUSION

For the reasons set forth herein,

---

[8] [Doc. No. 46, pp. 10-11, ¶ 32]
[9] [Id.]

Sullivan's Motion to Reduce Sentence Pursuant to USSG Amendment 821 [Doc. No. 44] is **DENIED.**

**MONROE, LOUISIANA**, this 8th day of January 2024.

> **TERRY A. DOUGHTY**
> **UNITED STATES DISTRICT JUDGE**